J-S13029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTWAN LEON RICHARDSON | : | |
| | : | |
| Appellant | : | No. 1396 MDA 2024 |

Appeal from the PCRA Order Entered September 10, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000473-2018

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM PER CURIAM: **FILED: JUNE 25, 2025**

Antwan Leon Richardson appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history may be summarized as follows. On January 9, 2020, a jury convicted Richardson of kidnapping and false imprisonment. On March 10, 2020, the trial court imposed an aggregate sentence of ten to twenty years of imprisonment. Following the court's denial of his post-sentence motion, Richardson appealed. On December 23, 2021, this Court affirmed Richardson's judgment of sentence, and, on June 27, 2022, our Supreme Court denied Richardson's petition for allowance of appeal. ***Commonwealth v. Richardson***, 270 A.3d 1161 (Pa. Super. 2021) (non-precedential decision), *appeal denied*, 281 A.3d 298 (Pa. 2022).

On April 28, 2023, Richardson filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. On August 21, 2023, PCRA counsel filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Richardson filed a *pro se* response.

Given the nature of Richardson's *pro se* claims, on November 6, 2023, an order was entered recusing all of the Dauphin County judges from further consideration of this matter. In May 2024, the Honorable Howard F. Knisely, Senior Judge, ("the PCRA court") was assigned.

On June 4, 2021, the PCRA court granted PCRA counsel's petition to withdraw and filed a Criminal Rule 907 notice of its intent to dismiss Richardson's petition without a hearing. Richardson filed a response. By order entered September 10, 2024, Judge Knisely dismissed Richardson's petition. This appeal followed. Both Richardson and Judge Knisely have complied with Appellate Rule 1925.

Richardson raises the following eleven issues in his handwritten brief:

I.     Whether [the PCRA court] erred when [it] refused to recuse [] when there is a clear appearance of impropriety as stated in [Richardson's] response to PCRA court's [Rule 907 notice]?

II.    Whether the [PCRA] court erred in denying that PCRA counsel was ineffective for failing to investigate judicial corruption of the Dauphin County judiciary that resulted in the alteration of the trial record thereby denying [Richardson] meaningful review?

III.   Whether the [PCRA] court erred in denying [Richardson's] PCRA petition for direct appeal counsel and PCRA counsel's

ineffective assistance of counsel for failing to properly raise and litigate [his Criminal Rule] 600(A)(2)(a) speedy trial violation?

IV. Whether the [PCRA] court erred in denying [Richardson's] PCRA petition for direct appeal counsel and PCRA counsel's ineffective assistance of counsel for failing to raise [his] due process claim?

V. Whether the [PCRA] court erred in denying [Richardson's] PCRA petition for direct appeal counsel and PCRA counsel's ineffective assistance of counsel for failing to raise [his **Brady v. Maryland**, 373 U.S. 83 (1963),] violation claims?

VI. Whether the [PCRA] court erred in denying [Richardson's] PCRA petition for direct appeal counsel and PCRA counsel's ineffective assistance of counsel for filing to raise [his] claim for the trial [court's] error in not giving an alibi instruction at trial?

VII. Whether the [PCRA] court erred in denying [Richardson's] PCRA petition for direct appeal counsel and PCRA counsel's ineffective assistance of counsel for failing to raise [his] juror bias claim?

VIII. Whether the [PCRA] court erred in denying [Richardson's] PCRA petition for direct appeal counsel's ineffective assistance of counsel for failing to raise [his **Batson v. Kentucky**, 476 U.S. 79 (1986),] violation claim?

IX. Whether the [PCRA] court erred in denying [Richardson's] PCRA petition for direct appeal counsel and PCRA counsel['s] ineffective assistance of counsel for failing to investigate and raise [his] incomplete record claim?

X. Whether the [PCRA] court erred in denying [Richardson's] PCRA petition for direct appeal counsel and PCRA counsel's ineffective assistance of counsel for failing to raise [his] conflict of interest claim?

XI. Whether the [PCRA] court erred in denying [Richardson's] PCRA petition for direct appeal counsel and PCRA counsel's ineffective assistance of counsel for failing to raise [his] equal protections [sic] violation claim?

Richardson's Brief at 4-6 (excess capitalization omitted).

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

In his first issue, Richardson asserts that the PCRA court failed to recuse from considering Richardson's PCRA petition based upon comments the court made at a previous evidentiary hearing regarding Richardson's petition for review of the district attorney's denial of Richardson's private criminal complaint. ***See In re: Appeal of Denial of Private Criminal Complaint***, 329 A.3d 611 (Pa. Super. 2024) (non-precedential decision).

Here, the PCRA court stated that it had "yet to be served with any recusal request." Our review of the record supports the court's statement. Indeed, in his Rule 907 response, Richardson concedes that he submitted the recusal motion in his appeal from the denial of his private criminal complaint.

*See* Rule 907 Response, 6/24/24, at 4. Thus, the PCRA court cannot be faulted for failing to rule upon a motion not before it. Richardson's first issue fails.

Regarding Richardson's remaining issues, we note that, in order to be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. *Commonwealth v. Carpenter*, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. *Carpenter*, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived. *Carpenter*, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Claims of ineffective assistance under the PCRA provide a basis for post-conviction relief. 42 Pa.C.S.A. § 9543(a)(2)(ii). To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must

- 5 -

establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

In his second issue, Richardson alleges the ineffective assistance of PCRA counsel for the first time on appeal pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). As recently stated by this Court: "*Bradley* did not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor did it create an absolute right to remand for development of those claims." *Commonwealth v. Lawrence*, 309 A.3d 152, 155 (Pa. Super. 2024). Regarding the need for a remand, in *Bradley*, our Supreme Court stated:

In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter.

*Bradley*, 261 A.3d at 402 (citation omitted).

A review of the record in this case refutes Richardson's claim of PCRA counsel's ineffectiveness. The basis for Richardson's ineffectiveness claim is that PCRA counsel ignored his several letters asking counsel to investigate the "judicial corruption of the Dauphin County judiciary." Richardson's Brief at 11. Richardson's claim of judicial corruption is a common theme raised in his litigation before the trial court and in his prior appeals to this Court and the Commonwealth Court. *See In re: Private Criminal Complaint*, *supra*; *Richardson v. Dauphin County*, 330 A.3d 850 (Pa. Cmwlth. 2024) (unpublished disposition).

Here, the PCRA court addressed Richardson's claim of countywide judicial corruption as follows:

> [Richardson's] claims of illegal conduct by the Courts during his criminal case are clearly false. His claims about fabricated transcripts or missing material from transcripts are false . . . . His claims about [the PCRA court] colluding with a court reporter to leave out anything stated on the record are false.
>
> The [court] had no contact at any time at or after the hearing on the Private Prosecution hearing with the Court Reporter. All information from that proceeding, the only one at which [the PCRA court] presided, was accurately and completely made of record. Any claims to the contrary by [Richardson] are totally and completely false.

PCRA Court Opinion, 11/7/24, at 2-3.

Our review of the record confirms that Richardson has continually made allegations of corruption and alteration of transcripts without substantiating any of his claims. Although he attaches "exhibits" to his *pro se* filings, Richardson's claims remain "no more than mere accusations." **In re Private Criminal Complaint**, at *4. Thus, Richardson's second issue warrants no relief.

In his remaining issues, Richardson attempts to raise layered claims of ineffectiveness. When making such a claim, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." **Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." **Commonwealth v. Burkett**, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." **Id.**

In his third issue, Richardson asserts that appellate counsel was ineffective for failing to properly raise and litigate his claim regarding the denial of his pretrial Rule 600(A)(2)(a) motion. He further claims that PCRA counsel was ineffective for failing to raise appellate counsel's ineffectiveness.

Our review of the record reveals that Richardson filed counseled pre-trial motions for release on nominal bail, Rule 600(B)(1), and for dismissal of

the charges, Rule 600(A)(2)(a). Although the court denied the motion for release on nominal bail, the trial court never ruled on Richardson's dismissal request prior to the start of trial.

On appeal, this Court first noted that, in his Rule 1925(b) statement and his statement of questions presented, Richardson challenged only the denial of his Rule 600 Motion for nominal bail pending appeal. **Richardson**, **supra**, at *5. In his supporting argument, however, Richardson focused "on his claim that more than 365 days passed before he was brought to trial, that is a violation of Rule 600(A)(2)(a)." **Id.**

Given this circumstance, this Court stated:

> With regard to [Richardson's] assertion that the trial court abused its discretion when it neglected to rule on his Rule 600(A)(2)(a) claim and dismiss the charges against him before trial, we conclude this argument is waived. [Richardson] did not raise this claim in his court-ordered Rule 1925(b) statement, and the trial court did not address it in its opinion. Thus, the claim has not been properly preserved for our review.
>
> Nevertheless, we recognize the better practice would have been for the trial court to formally deny [Richardson's] motion to dismiss on the record. Its failure to do so, however, does not require remand. As noted above, [Richardson's] argument focuses in the time period from April 5, 2019, through October 24, 2019 — when the Commonwealth sought a competency examination until [Richardson] was returned to the prison after he was deemed competent. [Richardson] recognizes that "[i]f a defendant is being examined to determine competency, the time period is generally excludable because he is unavailable for trial until he is deemed competent." [Richardson's] Brief at 48-49, citing **Commonwealth v. Mansberry**, 514 A.2d 926 (Pa. Super. 1986). However, he complains that, here, the Commonwealth's petition was not made in good faith; thus, the time should not be excludable. His assertion is not supported by the record.

> [Richardson's] mental health was at issue throughout the proceedings. Indeed, during an October 22, 2018 listing, [trial counsel] acknowledged that he might seek a competency evaluation although it does not appear he ever did so. Subsequently, during the sentencing hearing, [Richardson's counsel] requested the court consider an "involuntary commitment" for [Richardson], explaining that "[s]ince trial[,] he had some mental health issues, which included suicidal ideations[,] a hunger strike[, and] banging his head against the walls" at the prison. Furthermore, the trial court commented that it granted the requested examination based upon its own observation of [Richardson] in court. Thus, even if we were to review this claim, we would conclude that [Richardson] would be entitled to no relief.

**Richardson**, **supra**, at *6.

Given the above, the PCRA court concludes that Richardson's Rule 600 claim was previously litigated in Richardson's direct appeal. We disagree. An ineffectiveness claim is analytically distinct from the underlying issue on direct appeal, and an ineffectiveness claim pertaining to the issue raised on direct appeal is not subject to dismissal on post-conviction review as having been previously litigated. **Commonwealth v. Midgley**, 289 A.3d 1111, 1119 (Pa. Super. 2023).

Nonetheless, our review of the record confirms the prior panel's alternative holding that, had appellate counsel preserved the issue, it would not have warranted relief. In his supporting argument on this issue, Richardson asserts that "the competency evaluation time [was] not the only time" that should have been considered and, as "more thoroughly stated" in his PCRA petition and Rule 907 response, "the Commonwealth failed to exercise due diligence throughout the life of the case, including mandatory

- 10 -

discovery violations."  Richardson's Brief at 15 (citing *Commonwealth v. Harth*, 252 A.3d 600 (Pa. 2021)).

We reject Richardson's claim as it is undeveloped in his brief.  In the PCRA context, our Supreme Court has held that "incorporation by reference" is an "unacceptable manner of appellate advocacy for the proper presentation of a claim for relief to our Court." *Commonwealth v. Housman*, 226 A.3d 1249, 1264 (citing *Commonwealth v. Briggs*, 12 A.3d 291, 342 (Pa. 2011).  In his brief, Richardson had neither identified any particular delays nor provided us with any Rule 600 calculations.  Thus, we need not consider the claim further. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).  Thus, Richardson's third issue fails.

In his fourth issue, Richardson asserts that his due process claim regarding his challenge to the legality of his competency hearing was also not previously litigated as stated by the PCRA court.  Once again, we agree that Richardson's layered ineffectiveness claim is properly before us. *Midgeley*, *supra*.  Nonetheless, our review of the record supports the prior panel's rejection of Richardson's claim that the Commonwealth's request for a competency hearing was made in bad faith.  Moreover, Richardson cites no case authority to support his claim that the various procedural rules regarding involuntary commitment apply to the trial court's order directing that his competency to stand trial be evaluated. *See* Richardson's Brief at 16-17

(citing 50 P.S. §§ 7401(a) and 7301(b)); *compare* 50 P.S. § 7402(d) (providing a court may order an incompetency hearing at any stage of the proceedings). Thus, Richardson's fourth issue warrants no relief.

In his fifth issue, Richardson raises a layered claim of ineffectiveness regarding appellate counsel's failure to raise a claim that the Commonwealth violated **Brady**, by failing to disclose the victim's "prior immunity deal" with the Commonwealth that "completely contradicts the statements made at [his] trial." Richardson's Brief at 19.

We first review the applicable law. As our Supreme Court has summarized:

> [T]o establish a **Brady** violation, a defendant has the burden to prove that: (1) the evidence at issue was favorable to the accused, either because it [was] exculpatory or because it impeache[d]; (2) the prosecution has suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material, meaning that prejudice must have ensued.

**Commonwealth v. Bagnall**, 235 A.3d 1075, 1086 (Pa. 2020) (citations omitted).

Here, Richardson bases his claim on an alleged immunity deal the victim had with the Commonwealth in an earlier prosecution in an unrelated case in Cumberland County. We agree with the PCRA court that "[t]he fact that [the victim] may have been offered immunity in a totally unrelated matter in a totally different jurisdiction is of no material value for a **Brady** violation." PCRA Court Opinion, 11/7/24, at 6. Moreover, at Richardson's trial, the jury

was informed by the Commonwealth that it had entered into an immunity deal; in return for her truthful testimony, the Commonwealth would not charge her for any crime arising from setting up Richardson to be robbed and assaulted. **See** N.T., 1/8/20, at 109. In addition, Richardson's trial counsel cross-examined the victim regarding the extent of the immunity by emphasizing the multiple crimes she could have been charged with following that incident. **See id.** at 151-53. Thus, Richardson's fifth issue fails.

In his sixth issue, Richardson attempts to raise a layered claim of ineffectiveness regarding the trial court's failure to provide the jury with an alibi instruction. Prior to trial, Richardson's counsel filed an alibi notice listing Richardson, as well as two women, as alibi witnesses. At the time of trial, however, a discussion was held regarding the unavailability of these two witnesses. At that time, the trial court gave Richardson the option of continuing his case in an attempt to secure these witnesses, or beginning trial, thereby rescinding his alibi notice. At Richardson's request, trial counsel withdrew the alibi notice. **See** N.T., 1/8/20, at 8-12. In his brief, however, Richardson contends that, despite the withdrawal of his alibi notice, he was still entitled to an alibi instruction based on his trial testimony that he was in Maryland at the time the crime was committed. **See** Richarson's Brief at 20.

We conclude Richardson's layered claim is undeveloped. Other than providing citation to case authority, Richardson merely asserts "[b]ased on this precedent and the facts stated in the brief, [his] claim is cognizable under

the PCRA , and meets all 3 prongs [of the ineffectiveness test]." ***Id.*** As noted above, when raising a layered claim of ineffectiveness, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." ***Rykard***, 55 A.3d at 1190. Richardson has not done so. Thus, his sixth issue warrants no relief.

In his seventh issue, Richardson attempts to raise a layered claim of ineffectiveness of appellate and PCRA counsel's ineffectiveness for failing to raise his claim of juror bias. According to Richardson "[e]ven with the altered record, the record still establishes that a prospective juror[,] a Harrisburg International Airport Police Department officer[,] should have been removed for cause." Richardson's Brief at 21.

Here, the PCRA court found no merit to this claim:

> Merely because a prospective juror indicates he was employed by the Harrisburg International Airport as a Traffic Control Officer, who clearly stated he could be fair and impartial as a juror, there appears to be no valid ground for a challenge for cause. As he has continuously argued, [Richardson] once again states that an official record is inaccurate. This claim . . . is not only false and manufactured but is patently not credible.

PCRA Court Opinion,11/7/24, at 7.

Our review of the record supports the PCRA court's statement regarding the juror's responses during jury selection. ***See*** N.T., 1/8/20, at 44. In addition, the trial transcript reveals that trial counsel did not place an objection on the record regarding this witness. As noted above, "[i]n determining a layered claim of ineffectiveness, the critical inquiry is whether the first

attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." ***Burkett***, 5 A.3d at 1270). Here, trial counsel did not preserve a claim of juror bias at trial and, generally, appellate counsel cannot raise ineffectiveness claims in a direct appeal. ***See generally***, ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013). Although PCRA counsel could have challenged trial counsel's ineffectiveness, in his brief Richardson does not challenge trial counsel's failure to object regarding the witness at issue. Thus, Richardson's seventh claim fails.

In his eighth issue, Richardson attempts to raise a layered claim of ineffectiveness of appellate counsel and PCRA counsel for failing to challenge the denial of a ***Batson*** motion that trial counsel made once the jury was selected. Our review of the record reveals that the ***Batson*** challenge was made after the Commonwealth struck three minority jurors and only one minority juror was seated for trial.

In finding no merit to Richardson's claim, the PCRA court stated:

> [The trial court] clearly heard argument from [Richardson's] counsel regarding a possible [***Batson***] violation that was answered by the Commonwealth and ruled on by the [trial court] after listing the reasons for strikes. Having considered the totality of the circumstances surrounding the Commonwealth's strikes pursuant to cases such as [***Commonwealth v. Towles***], 106 A.3d 602 (Pa. 2014) . . . the [trial court's] ruling on the matter [that there] was no "discriminatory intent" therefore clearly [was] not erroneous.

PCRA Court Opinion, 11/4/24, at 7.

Richardson's claims to the contrary are unavailing and undeveloped. Once again, he improperly incorporates the "prima facie prongs" as stated in his PCRA petition to establish a "clear case" of a *Batson* violation, without further discussion in his brief. Richardson's Brief at 22. *Housman*, *supra*. Moreover, rather than arguing all three prongs of the ineffectiveness test as to each counsel, Richardson only makes the bald assertion that he met his burden. Such boilerplate declarations are insufficient. *Rykard*, *supra*. Thus, Richardson's eighth issue warrants no relief.

In his ninth issue, Richardson raises a layered claim of ineffectiveness regarding counsels' failure to investigate and raise his incomplete record claim. This issue is no more than a recasting of Richardson's unsubstantiated corruption claim which we have already rejected as a basis for relief.

In his tenth issue, Richardson attempts to raise a layered ineffectiveness claim of appellate and PCRA counsel's ineffectiveness based on his assertion that a conflict of interest exists based upon "a misrepresentation of facts and legal predicate." Richardson's Brief at 25. His one-paragraph argument supporting this claim is confusing. Once again, Richardson's assertion that he "more thoroughly articulated [this argument] in [his] response" to the PCRA court's Rule 907 notice, is not a substitute for development of argument in support of an appellate claim. Richardson's Brief at 25; *Housman*, *supra*.

Apparently, Richardson takes issue with PCRA counsel's statement in the *Turner*/*Finley* no-merit letter that the Superior Court found his

"confinement in a mental hospital for a competency evaluation was lawful."

*Id.* We agree with Richardson that, on direct appeal, this Court only determined that, for Rule 600 purposes, the time period he spent in undergoing a competency evaluation was properly excluded because we concluded that the Commonwealth acted in good faith in requesting the evaluation. *Richardson*, *supra.* Richardson fails to explain how this statement constitutes a conflict of interest. Moreover, he once again fails to argue the ineffectiveness prongs as to either counsel, but instead makes bare assertions that he met his burden. *Rykard*, *supra*. Thus, Richardson's tenth claim fails.[1]

In his eleventh and final issue, Richardson attempts to raise a layered ineffectiveness clam regarding his assertion of a constitutional violation of the equal protection clause of the state and federal constitutions. In essence, Richardson asserts that the victim was granted immunity in this case because she was a white woman, while he, as a black male, was prosecuted. *See* Richardson's Brief at 26. He provides no constitutional analysis of this claim, but once again makes a bare assertion that he met all three ineffectiveness

---

[1] In its brief, the Commonwealth identifies Richardson's claim to be that the district attorney had a conflict of interest in continuing to prosecute once Richardson filed a civil suit against the district attorney. *See* Commonwealth's Brief at 11. Our review of his Rule 907 response confirms this characterization. As noted by the Commonwealth these circumstances do not constitute a conflict of interest because the district attorney had no personal or financial interest in the prosecution. *Id.* (citing *See Commonwealth v. Stafford*, 749 A.2d 489 (Pa. 2000)).

prongs as to each counsel.  Thus, we need not address this undeveloped claim further.  ***Tielsch***, **_supra_**.

In sum, as none of Richardson's multiple claims on appeal have merit, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.


Judgment Entered.


_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/25/2025